United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-40469
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO DE LA CRUZ-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1644-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Rogelio de la Cruz-Gonzalez. United States v. de la Cruz-Gonzalez, No. 04-40469 (5th Cir. Dec. 16, 2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

De la Cruz-Gonzalez contends that his sentence was imposed illegally pursuant to a mandatory sentencing scheme. See United

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 267 (2005). Our review is for plain error. See United States v. Cruz, 418 F.3d 481, 485 (5th Cir. 2005). To merit relief under the plain-error standard, de la Cruz-Gonzalez must show that the Booker error affected his substantial rights.[**] See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 43 (2005). On the record before us, de la Cruz-Gonzalez cannot make such a showing. See United States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 264 (2005).

For reasons stated in this court's original opinion, the judgment of conviction is AFFIRMED. For reasons discussed above, the judgment of sentence is AFFIRMED. As we determined previously, the case is REMANDED to the district court so that the judgment may be reformed to reflect the correct offense of conviction. See United States v. Powell, 354 F.3d 362, 371-72 (5th Cir. 2003); FED. R. CRIM. P. 36.

AFFIRMED and REMANDED.

---

[**] De la Cruz-Gonzalez contends that he need not show that his substantial rights were affected because the error was structural or presumptively prejudicial. He concedes that this argument is foreclosed but states that he wishes to preserve the issue for further review. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 464 (2005); United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 194 (2005).